1   **SHELLEY G. BRYANT - #222925**
    **AMANDA B. WHITTEN- # 251160**
2   **LAW OFFICES OF SHELLEY G. BRYANT**
    8050 North Palm Avenue, Suite 300
3   Fresno, California 93711
    (559) 389-5856 Telephone
4   (559) 421-0369 Facsimile

5

6   Attorneys for Plaintiff, JOHANNA ALLEN

7

8                     UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF CALIFORNIA
9

10  JOHANNA ALLEN                          )   **Case No.**
                                           )
11          Plaintiff,                     )   **C O M P L A I N T    F O R**
                                           )   **D I S C R I M I N A T I O N    A N D**
12  vs.                                    )   **HARASSMENT  BASED  ON  SEX,**
                                           )   **F A I L U R E    T O    P R E V E N T**
13  VERIZON WIRELESS an unknown business   )   **DISCRIMINATION, RETALIATION,**
    entity doing business as Cellco Partnership, and )   **WRONGFUL    TERMINATION,**
14  Does 1 through 20, inclusive,          )   **DEFAMATION, ATTORNEYS' FEES**
                                           )   **AND PUNITIVE DAMAGES**
15          Defendants.                    )
                                           )   **DEMAND FOR JURY TRIAL**
16  _____ )

17          COMES NOW Plaintiff, Johanna Allen, and alleges as follows:

18          1.      Plaintiff, Johanna Allen (hereinafter referred to as "Plaintiff"),  hereby demands a jury

19  trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

20                          **COMMON ALLEGATIONS**

21          2.      Plaintiff is an adult female and was at all times herein mentioned a resident of the

22  County of Tulare, State of California, and an employee of Verizon Wireless.

23          3.      Defendant, Verizon Wireless, is an unknown business entity doing business as Cellco

24  Partnership in Tulare County, California.  Verizon, was and is an employer as defined within the

25  meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended, and the

26  California Government Code §12926(d) and the California Fair Employment and Housing Act.

27  / / /

28  / / /

---

**PLAINTIFF'S COMPLAINT**                                                    Page 1

4.      Plaintiff was employed by Defendant, Verizon beginning on or about August 10, 2010, as a retail sails representative at its store located in Visalia, California, until she was  discharged in or about November 2011.

5.      During her employment, Plaintiff was supervised/managed by Nicholas Whitley, Micah Wilson, Omar Assef, all of whom were supervisors and/or a managing agents and employees of Defendant, Verizon, in Tulare County.  These individuals had supervisory authority over Plaintiff within the meaning of Government Code §12926(r).

6.      The employment agreement upon which Plaintiff sues herein was made in the State of California to be performed, and was performed, in the County of Tulare.  This court is the proper court because the amount at issue exceeds the jurisdictional minimum of this court.

7.      The true names and capacities of the Defendants named herein as Does 1 through 25, inclusive, whether individual, corporate, associate or otherwise, are unknown to the Plaintiff who, therefore, sues such Defendants by fictitious names pursuant to California Code of Civil Procedure §474.  Plaintiff is informed and believes, and on that basis alleges, that each Defendant sued under such fictitious name is in some manner responsible for the wrongs and the damages as alleged below, and in so acting was functioning as the owner, shareholder, principal, agent, servant, partner, joint venturer, alter-ego, employee, proxy, managing agent, and principal of the co-Defendants, and in performing the acts mentioned below was acting, at least in part, within the course and scope of such authority as such agent, proxy, servant, partner, joint venturer, employee, alter-ego, managing agent, and principal with the permission and consent of the co-Defendants.

8.      Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants sued herein was, at all times relevant hereto, the employer, owner, shareholder, principal, joint venturer, proxy, agent, employee, supervisor, representative, manager, managing agent, joint employer  and/or alter-ego of the remaining Defendants, and was acting, at least in part, within the course and scope of such employment and agency, with the express and implied permission, consent and knowledge, approval and/or ratification of the other Defendants.  The above co-Defendants, managing agents, and supervisors aided, abetted, condoned, permitted, approved, authorized and/or ratified the unlawful acts described herein.

**JURISDICTION**

1

2   9.   The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1343(4).  This action

3   is brought to redress violations of Plaintiff's rights as guaranteed by Title VII of the Civil Rights Act

4   of 1964, 42 U.S.C. §2000e et seq., as amended, California Government Code §12900, et seq., the

5   California Labor Code, the California Civil Code and Article I, Section 8 of the California

6   Constitution, to secure protection against and to redress deprivation of her right to be free of

7   harassment, retaliation, and discrimination in employment.  This court also has jurisdiction over the

8   subject matter pursuant to 28 U.S.C. §1331 in that this civil action arises in part under the Constitution

9   or laws of the United States of America.  Plaintiff requests that the court exercise jurisdiction over

10  her state law claims pursuant to 28 U.S.C. §1367(a).

11  10.   Nicholas Whitley, Micah Wilson, Omar Assef were at all times mentioned herein, was

12  agents, employees, and managing agents of the remaining Defendants, and in doing the things alleged

13  herein were acting, in part, within the course and scope of their employment and agency, and with the

14  permission, consent and knowledge of Defendants.  Defendants authorized, condoned, and/or ratified

15  the acts described herein.

16  11.   At all times herein, Plaintiff was duly qualified and did perform her employment duties

17  in a satisfactory manner.  Plaintiff performed and was willing to continue to perform all duties and

18  responsibilities on her part to be performed, which duties and responsibilities were part of the

19  employment relationship between Verizon and Plaintiff.

20  12.   Plaintiff was, at all times herein, an employee covered by Title VII of the Civil Rights

21  Act of 1964, 42 U.S.C. §2000e et seq., and Government Code §12940 prohibiting discrimination in

22  employment on the basis of sex or retaliation against an employee for reporting sexual discrimination

23  and/or harassment.

24  13.   Defendant, Verizon, was and is, at all times herein mentioned, an employer within the

25  meaning of California Government Code §12926(d) and, as such, was, and is, statutorily prohibited

26  from discriminating in employment decisions on the bases set forth in California Government Code

27  §12940.

28  / / /

1      14.    Plaintiff began working for Defendant, Verizon, on or about August 10, 2010.  Plaintiff

2  performed her job duties satisfactorily and received  good performance reviews.

3      15.    During her employment, Plaintiff was subjected to discrimination on the basis of sex.

4  Her supervisor Whitley was known for hiring women because they were shapely.  Verizon was aware

5  of Whitley's treatment of female employees as sexual playthings, but failed to terminate him.  Instead,

6  Verizon transferred Whitley to another corporate store and replaced him with supervisor Wilson who

7  also subjected Plaintiff to discrimination on the basis of sex.

8      16.    Supervisor Wilson ordered Plaintiff to work with male customers who came in when

9  he thought they would buy Verizon goods because she was a female sales representative.  He told

10  Plaintiff things such as, "go sell that old dirty man some stuff," "you are a young girl,"  and then joked

11  about these things with male employees who were working.

12      17.    Supervisor Wilson engaged in, and allowed other male employees to engage in,

13  sexually offensive and inappropriate conduct.  The men made jocks about being gay.  They would say

14  things about "tossing each others salad," and "thank you for last night."  They joked about "taking

15  it" and "giving it" to each other.  Once Plaintiff, gave Wilson some one dollar bills, and he looked her

16  up and down and said, "perfect for the strip club!"  The men would make inappropriate comments

17  about female customers when they visited the store. The commented about butts and shorts.  They

18  watched movies in the break room with foul language.  One of the men showed the others naked

19  pictures of a customer at work.

20      18.    Plaintiff objected to this offensive and inappropriate behavior each time the men

21  engaged in it.  When Plaintiff responded negatively, the men changed their attitude toward Plaintiff.

22  Wilson subjected Plaintiff to unwarranted discipline several times.  Wilson applied the company

23  personnel policies to Plaintiff in a disparate manner as compared to the men, and other women who

24  did not object.  For example, Wilson disciplined Plaintiff for being late to work on several occasions.

25  Plaintiff had not been disciplined by her previous supervisor for being a few minutes late.  Plaintiff

26  observed that others (men) were not disciplined when they were a little late.

27      19.    Plaintiff also observed that Wilson's  conduct regarding other female employees was

28  very overbearing, sexually-oriented and flirtatious.  Wilson's conduct created a sexually-charged

---

**PLAINTIFF'S COMPLAINT**

1   atmosphere in the work place.  Plaintiff observed that the female employees who were friendly with

2   Wilson were treated much better than her after objecting to his conduct.

3         20.   During her employment, Plaintiff requested and took time off work for a serious

4   medical/psychological condition and to care for her daughter when she was ill.  Plaintiff told her

5   supervisors that she need time off to seek treatment from healthcare providers and to care for herself.

6   Still, Verizon disciplined Plaintiff for taking these protected leaves under a no fault attendance policy.

7         21.   Plaintiff complained about the offensive conduct to her district Managers Assef and

8   Estela Arce , and was subjected to adverse treatment and action.  She was terminated in November

9   2011.

10        22.   California Government Code §12940 provides in pertinent part as follows:

11          "It shall be an unlawful employment practice . . .

12          (a)     For an employer, because of the . . . sex . . . of any person . . .
to discriminate against the person in compensation or in terms,
13          conditions or privileges of employment.

14                                     . . .

15          (h)     For any employer . . . to discharge, expel, or otherwise
discriminate against any person because the person has opposed any
16          practices forbidden under this part, or because the person has filed a
complaint, testified or assisted in any proceeding under this part.
17

18          (I)     For any person to aid, abet, incite, compel or coerce the doing
of any of the acts forbidden under this part, or to attempt to do so.

19          (j)(1)   For an employer . . . or any other person because of...sex . . .
to harass an employee . . . .  Harassment of an employee . . . shall be
20          unlawful if the entity, or its agents or supervisors, knows or should
have known of this conduct and fails to take immediate and appropriate
21          corrective action.  An entity shall take all reasonable steps to prevent
harassment from occurring.  Loss of tangible job benefits shall not be
22          necessary in order to establish harassment.

23          (2)     This subdivision is declaratory of existing law, except for the
new duties imposed on employers with regard to harassment.
24

25          (k)     For an employer . . . to fail to take all reasonable steps
necessary to prevent discrimination and harassment from occurring."

26        23.   In enacting the Government Code Section set out in the preceding paragraph, the

27   legislature expressed the public policy of this State:

28   / / /

"The legislature finds and declares that it is the existing policy of the State of California to prohibit harassment and discrimination in employment on the basis of any protected classification. Such conduct whether intentional or unintentional is a violation of the civil rights of California citizenry and has been shown to decrease productivity in the workforce. California, as declared by the legislature, that procedures be established by which allegations of prohibited harassment and discrimination may be filed, timely and efficiently investigated, and fairly adjudicated, and that agencies and employers be required to establish affirmative programs which include prompt and remedial internal procedures and monitoring so that work sites will be maintained free from prohibited harassment and discrimination by their agents, administrators and supervisors and clientele. To further this intent, the legislature enacts this act."

24.     In 2012, Plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing (hereinafter referred to as "DFEH") against Defendants complaining of the acts of discrimination and harassment as alleged therein. Plaintiff received a "Right to Sue Letter" from the DFEH, a true and correct copy of which is attached hereto as **Exhibit "A"** and made a part hereof by reference. Plaintiff has complied with all prerequisites to jurisdiction of this Court under California Government Code §12900, et seq., and has, therefore, exhausted her administrative remedies. Plaintiff cross-filed this complaint with the Equal Employment Opportunity Commission and received a right to sue letter, a true and correct copy of which is attached hereto as **Exhibit "B"** and made a part hereof by reference. On or about January 19, 2010, Plaintiff notified the California Labor Workforce Development Agency ("LWDA") about Defendant's violations of the Labor Code. The LWDA does not intend to investigate the allegations. Attached hereto as **Exhibit "C"** is a true and correct copy of Plaintiff's notice to LWDA along with LWDA's response.

25.     As a proximate result of the Defendants' acts, Plaintiff has suffered and continues to suffer substantial economic losses and interest thereon, incurred in seeking and performing substitute employment and earnings, bonuses, deferred compensation and other employment benefits which Plaintiff would have received. She has suffered and continues to suffer both physical and non-physical injuries, including severe emotional distress, humiliation, embarrassment and mental anguish all to her damage in an amount to be proven at trial.

26.     In doing the acts and/or failing to do the acts alleged herein above, the Defendants, and each of them, engaged in discriminatory acts and conduct with malice towards Plaintiff and/or a

1  reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both

2  statutory and common law, guaranteed Plaintiff by  the State of California.  As such, Defendants are

3  guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to

4  be proven at trial.

5     27. Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an

6  action for which they are specifically provided by statute.  Government Code §12965(b) provides that

7  reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the

8  discretion of the court.  Plaintiff has retained attorneys for the prosecution of this action.  As a result,

9  Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

**FIRST CAUSE OF ACTION**
**Discrimination and Harassment on the Basis of Sex**
**in Violation of Government Code §12940 and**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.**

   28. The allegations of paragraphs 1 through 27 are re-alleged and incorporated herein by reference.

   29. The behavior, conduct and comments by the Defendant's agents, representatives and employees created a sexually-charged atmosphere in the work place that was offensive, hostile, oppressive and intimidating to Plaintiff which deprived Plaintiff of the benefit of a discrimination-free work environment, all in violation of California Government Code §§12940 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq..

   30. As a further direct and proximate result of Defendants' unlawful employment practices, Plaintiff has suffered the indignity of discrimination, the invasion of her right to be free from discrimination, the invasion of her emotional tranquility, great humiliation and loss of self esteem, which are or have been manifested in emotional distress and mental suffering and physical manifestations of her emotional distress.

   31. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered extreme mental anguish, outrage, severe anxiety about her future, her continued employment, her abilities to support herself, the potential of harm to her employability and earning capacity, painful embarrassment among friends, family and co-workers, disruption of her personal

1  life, and loss of enjoyment of the ordinary pleasures of her everyday life.

2          32.     In doing the acts and/or failing to do the acts alleged herein above, the Defendants, and

3  each of them, engaged in discriminatory acts and conduct with malice towards Plaintiff and/or a

4  reckless indifference to her  statutorily protected rights and in conscious disregard of the rights, both

5  statutory and common law guaranteed Plaintiff by  the State of California.  As such, Defendants are

6  guilty of oppression and malice for which Plaintiff is entitled to punitive damages in addition to all

7  other damages sought herein.

8          33.     Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an

9  action for which they are specifically provided by statute.  Government Code §12965 provides that

10  reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the

11  discretion of the court.  Plaintiff has retained attorneys for the prosecution of this action.  As a result,

12  Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

13                          **SECOND CAUSE OF ACTION**
         **Failure to Prevent Discrimination and Harassment on the Basis of Sex**
14                  **in Violation of Government Code §12940**

15          34.     The allegations of paragraphs 1 through 33 are re-alleged and incorporated herein by
16
     reference.
17
             35.     Defendant, Verizon, violated Plaintiff's rights in that it, amongst other acts and/or
18
     omissions to act:
19
                     (a)     Failed to provide Plaintiff with employment conditions and relationships where
20
     she could safely work, free from visual and verbal sexual harassment;
21
                     (b)     Failed to respond adequately or effectively to Plaintiff's complaints of sexual
22
     harassment;
23
                     (c)     Failed to thoroughly investigate Plaintiff's complaints of sexual harassment;
24
                     (d)     Retaliated against Plaintiff for her complaints of, and opposition to,
25
     discrimination and harassment;
26
                     (e)     Failed to take appropriate action when they knew or should have known of the
27
     sexual harassment of  Plaintiff;
28

(f)     Failed to take appropriate and/or effective remedial action against those who perpetrated, acquiesced in, ratified, or ignored Plaintiff's sexual harassment; and

(g)     Failed to adopt and/or disseminate, adhere to, or enforce its anti-harassment policy in an effective manner with respect to management, supervisors, staff and employees.

36.     As a further direct and proximate result of Defendants' unlawful employment practices, Plaintiff has suffered the indignity of discrimination, the invasion of her right to be free from discrimination, the invasion of her emotional tranquility, great humiliation and loss of self esteem, which are or have been manifested in emotional distress and mental suffering and physical manifestations of her emotional distress.

37.     As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered extreme mental anguish, outrage, severe anxiety about her future, her continued employment, her abilities to support herself, the potential of harm to her employability and earning capacity, painful embarrassment among friends, family and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of her everyday life.

38.     In doing the acts and/or failing to do the acts alleged herein above, the Defendants, and each of them, engaged in discriminatory acts and conduct with malice towards Plaintiff and/or a reckless indifference to her  statutorily protected rights and in conscious disregard of the rights, both statutory and common law guaranteed Plaintiff by  the State of California.  As such, Defendants are guilty of oppression and malice for which Plaintiff is entitled to punitive damages in addition to all other damages sought herein.

39.     Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute.  Government Code §12965 provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the court.  Plaintiff has retained attorneys for the prosecution of this action.  As a result, Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

/ / /

/ / /

/ / /

1

**THIRD CAUSE OF ACTION**
**Retaliation in Violation of Government Code §§12940**
**and Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e)**

2

3   40.   The allegations of paragraphs 1 through 39 are re-alleged and incorporated herein by

4   reference.

5   41.   The California Government Code provides at Section 12940, in pertinent part:

6   "It shall be an unlawful employment practice . . .

7   (h) For any employer ... or person to discharge, expel, or otherwise
discriminate against any person because the person has opposed
practices forbidden under this part or because the person has filed a
complaint, testified, or assisted in any proceedings under this act."

8

9

10   42.   Plaintiff alleges on information and belief that Defendant, Verizon, disciplined her,

11   reduced her work hours and benefits, docked her pay and constructively discharged her from her

12   employment in retaliation for her complaints about sexual harassment in the workplace.  Defendant,

13   Verizon, also forced Plaintiff to continue working under the supervision of Wilson, the person who

14   had harassed her and against whom she complained.  These acts were done in retaliation for her

15   reports of and complaints about sexual harassment.

16   43.   As a direct and proximate result of the Defendants' acts of retaliation, Plaintiff has

17   suffered and continues to suffer substantial economic losses and interest thereon, in earnings and other

18   employment benefits which Plaintiff would have received. She has suffered and continues to suffer

19   both physical and non-physical injuries, including severe emotional distress, humiliation,

20   embarrassment and mental anguish all to her damage in an amount according to proof.

21   44.   In doing the acts and/or failing to do the acts alleged herein above, the Defendants, and

22   each of them, engaged in conduct with malice towards Plaintiff and/or a reckless indifference to her

23   statutorily protected rights and in conscious disregard of the rights, both statutory and common law,

24   guaranteed Plaintiff by  the State of California.  As such, Defendants are guilty of oppression and

25   malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

26   45.   Code of Civil Procedure §1021 provides that attorney's fees are recoverable in an

27   action for which they are specifically provided by statute.  Government Code §12965 provides that

28   reasonable attorney's fees and costs are recoverable herein by the prevailing party, within the

1    discretion of the court.  Plaintiff  has retained an attorney for the prosecution of this action.  As a

2    result, Plaintiff is entitled to her reasonable attorney's fees and costs herein incurred.

3                               **FOURTH CAUSE OF ACTION**
                         **Retaliation for Requesting / Taking Medical Leave**
4                            **in Violation of 2 C.C.R. 7297.7**

5        46.    The allegations of paragraphs 1 through 45 are re-alleged and incorporated herein by

6    reference.

7        47.    The California Administrative Code, Title 2, §7297.7 provides protection for

8    employees, in part, as follows:

9
             "In addition to the retaliation prohibited by Government Code section
10           12940 . . . it shall be an unlawful employment practice for any person
             to discharge, fine, suspend, expel, punish, refuse to hire, or otherwise
11           discriminate against any individual . . . because that individual has ...
             (a) exercised his or her right to CFRA leave . . . ."
12

13       48.    Plaintiff requested and took time off to visit her doctor and to care for her own serious

14   medical/psychological condition and was subjected to adverse treatment and action under Defendant's

15   no fault attendance policy because of these requests and absences.  Defendant subjected Plaintiff to

16   adverse action and treatment by, among other things, making it difficult for her to attend d doctor's

17   appointment and by disciplining her and terminating her employment for pretextual reasons.

18       49.    As a proximate result of the Defendants' acts,  Plaintiff has suffered and continues to

19   suffer substantial economic losses and interest thereon, incurred in seeking and performing substitute

20   employment and earnings, bonuses, deferred compensation and other employment benefits which

21   Plaintiff would have received. She has suffered and continues to suffer both physical and non-physical

22   injuries, including severe emotional distress, humiliation, embarrassment and mental anguish all to

23   her damage in an amount to be proven at trial.

24       50.    As a further direct and proximate result of Defendants' unlawful employment practices,

25   Plaintiff has suffered the indignity of discrimination, the invasion of her right to be free from

26   discrimination, the invasion of her emotional tranquility, great humiliation and loss of self esteem,

27   which are or have been manifested in emotional distress and mental suffering and physical

28   manifestations of her emotional distress.

---

**PLAINTIFF'S COMPLAINT**                                                              Page 11

51.     In doing the acts and/or failing to do the acts alleged herein above, the Defendants, and each of them, engaged in discriminatory acts and conduct with malice towards Plaintiff and/or a reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both statutory and common law guaranteed Plaintiff by the State of California. As such, Defendants are guilty of oppression and malice for which Plaintiff is entitled to punitive damages in addition to all other damages sought herein.

52.     Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. Government Code §12965 provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the court. Plaintiff has retained attorneys for the prosecution of this action. As a result, Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

**FIFTH CAUSE OF ACTION**
**Failure To Allow Kin Care**
**Violation of Labor Code § 233**

53.     The allegations of paragraphs 1 through 52, are re-alleged and incorporated herein by reference.

54.     The California Labor Code provides at Section 233, in pertinent part:

> "Any employer who provides sick leave for employees shall permit an employee to use . . . not less that the sick leave that would be accrued during six months at the employee's then current rate of entitlement, to attend to the an illness of a child . . . .[¶ ] No employer shall deny an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave to attend to an illness of a child . . ."

55.     The California Labor Code provides at Section 234, in pertinent part:

> "An employer absence control policy that counts sick leave taken pursuant to Section 233 as an absence that may lead to or result in discipline, discharge or demotion, or suspension is a per se violation of Section 233."

56.     Defendant disciplined and discharged Plaintiff for using sick leave to care for the illness of her child. Defendant further violated these sections by counting, as part of its "no fault" absence control policy, sick leave taken by Plaintiff to care for the illness of her child as an absence that resulted in her being disciplined and discharged.

57.     As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer damages.  She is entitled to punitive damages and her reasonable attorney's fees and costs incurred under the Code of Civil Procedure §1021 and  Labor Code §§2699, et seq.

**SIXTH CAUSE OF ACTION**
**Wrongful Discharge in Violation of Labor Code 96(k)**

58.     The allegations set forth in paragraphs 1 through 57 are re-alleged and incorporated herein by reference.

59.     At all times mentioned in this Complaint, California Constitution Article I, §8, Government Code §12940, Title VII, Labor Code sections 98.6 and 233, and 2 C.C.R. 7297.7 were in full force and effect, and were binding on Defendant, Verizon.  These sections required Defendants to refrain from discriminating or retaliating against an employee on the basis of  complaints or opposition to sex harassment and discrimination, taking medical leave, complaining about unpaid wages, and other protected activity.

60.     Plaintiff complained  to Defendant, Verizon, in or about April 2011, about the sexual harassment.  Thereafter Plaintiff was subjected to retaliation and more acts of harassment.

61.     Plaintiff's  opposition to sexual harassment was a motivating reason for her discipline and termination .  Such retaliation was in violation of the public policy of the State of California, as reflected in the California Constitution Article I, §8, and California Government Code §12940, and has resulted in damage and injury to Plaintiff, as alleged herein.

62.     As a direct and proximate result of Defendants' wilful, knowing and intentional discrimination against Plaintiff, she has sustained, and continues to sustain, substantial losses of earnings, and other employment benefits.

63.     As a direct and proximate result of Defendants' wilful, knowing, and intentional harassment and discrimination against Plaintiff, she has suffered, and continues to suffer, humiliation, emotional distress, mental and physical pain and anguish, and the manifestations thereof, all to her damage in an amount to be proven at trial.

64.     Plaintiff has incurred, and continues to incur, legal expenses and attorneys' fees.  She

1   is entitled to punitive damages and her reasonable attorney's fees and costs incurred under the Code

2   of Civil Procedure §1021 and  Labor Code §§2699, et seq.  Plaintiff is presently unaware of the

3   precise amount of these expenses and fees and prays leave of Court to amend this Complaint when

4   the amounts are more fully known.

5           65.     Defendants' wilful, knowing, and intentional discrimination, harassment and

6   retaliation against Plaintiff made her working conditions intolerable and forced her to resign.

7   Plaintiff, therefore, seeks an award of punitive and exemplary damages in an amount to be proven at

8   trial.

9                             **SEVENTH CAUSE OF ACTION**
                              **Defamation - Slander Per Se**

10

11           66.     The allegations of paragraphs 1 through 65 are re-alleged and incorporated herein by

12   reference.

13           67.     By the above-described acts, incorporated herein, Defendant, Verizon, through its

14   agents, Wilson, Assef, and Arce, and through its directors, officers, partners, agents, owners,

15   employees and alter-egos, acting within the course and scope of their agency or employment, at least

16   in part, caused to be published, false and unprivileged communications tending directly to injure

17   Plaintiff in her business and professional reputation.  Specifically, Defendants, and each of them, told

18   others, including other agents of Defendant and subsequent potential employers, expressly or by

19   implication, that Plaintiff violated the no fault attendance policy, that she was an unreliable employee

20   who did not adhere to Defendant's attendance policy, and who deserved to be terminated for poor

21   attendance.  In fact, Plaintiff did not violate the policy, was at all times material herein, a reliable

22   employee who did not have poor attendance and did not deserve to be terminated.

23           68.     The defamatory publications consisted of oral and possibly written, knowingly false

24   and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal,

25   business, and professional reputation.  These publications included the following false and defamatory

26   statements (in violation of Civil Code §§45 and 46(3)(5)) with the meaning and/or substance that

27   Plaintiff violated Verizon's personnel policies; that she was deserving of disciplinary actions against

28   her; and that she was terminated for poor attendance.  These and similar statements published by

1    Defendants, and each of them, expressly and impliedly asserted that Plaintiff was unreliable and a

2    poor employee.

3        69.    The defamatory meaning of all of the above-described false and defamatory statements

4    and their reference to Plaintiff, were understood by these above-referenced third person recipients and

5    other members of the community who are known to Defendants, and each of them, but unknown to

6    Plaintiff at the time.

7        70.    None of Defendants' defamatory publications against Plaintiff referenced above are

8    true.

9        71.    The above defamatory statements were understood as assertions of fact, and not as

10   opinion.  Plaintiff is informed and believes the defamation will continue to be negligently, recklessly

11   and intentionally published and foreseeably republished by Defendants, and each of them, and

12   foreseeably republished by recipients of Defendants' publications, thereby causing additional injury

13   and damages for which Plaintiff seeks redress by the action.

14       72.    The statements set forth above were published with express and implied malice, and

15   without privilege, on the part of Defendants, and each of them, and with design and intent to injure

16   Plaintiff in her good name, reputation and employment.  These publications were outrageous and

17   negligently, recklessly, intentionally and maliciously published and republished by employees and

18   agents, known and presently unknown, including Wilson, Assef, and Arce.  Plaintiff is informed and

19   believes that the negligent, reckless and intentional publications by Defendants, and each of them,

20   were and continue to be, foreseeably published and republished by Defendants, their agents,

21   employees and recipients, in the community.  Plaintiff hereby seeks damages for these publications

22   and all foreseeable republications discovered up to the time of trial.

23       73.    As a proximate result of the defamatory statements made by the Defendants, and each

24   of them, as aforesaid, Plaintiff has suffered injury to her business and professional reputation, and has

25   further suffered, and continues to suffer embarrassment, humiliation, and anguish all to her damage

26   in an amount to be proven at trial.  Section 48a of the California Civil Code provides that special

27   damages "are all damages which plaintiff alleges and proves that he has suffered in respect to her

28   property, business, trade, profession or occupation, including such amounts of money as the plaintiff

---

**PLAINTIFF'S COMPLAINT**

alleges and proves he has expended as a result of the alleged libel . . . . "  Plaintiff lost, and will continue to lose and be deprived of, great monetary gains which would otherwise have accrued to her in her calling, occupation, and profession because of the false statements.   Plaintiff has suffered pecuniary loss in her profession in that her employment with Defendant was not in jeopardy until Defendants published the false statements; Plaintiff would have remained employed and continued to earn a livelihood if the false statements had not been published to cause her harm.  In addition, employers with whom he sought work did not respond to inquiries and applications, and other employers will refuse to employ Plaintiff because of the false statements.  Plaintiff does not at the time know the exact extent of pecuniary loss resulting from the foregoing, but is informed and believes, and therefore alleges, that said loss is a continuing one, and that the amount of said loss will be in the sum of more than $ 25,000.  Plaintiff prays leave of Court to amend the allegation to insert the true amount of said loss when the same becomes known.

74.     In doing the acts and/or failing to do the acts alleged herein above, Defendants, engaged in harassment and retaliatory conduct with malice towards Plaintiff and/or a reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both statutory and common law guaranteed Plaintiff by  the State of California.  As such, Defendants are guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

75.     The conditions surrounding the Plaintiff's employment, and to which Plaintiff was subjected, and the willfully false statements uttered about her as herein above described, caused Plaintiff to suffer emotional distress.  During the above-described time-frame, Defendants, and each of them, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited publication of defamation, of and concerning Plaintiff, to third persons, who had no need or desire to know.  Those third persons to whom these Defendants published the defamation are believed to include, but are not limited to, other agents and employees of Defendants, and each of them, and the community, all of whom are known to Defendants, and each of them, but unknown at this time to the Plaintiff.

76.     Each of these false defamatory per se publications (as set forth above) were

1  negligently, recklessly and intentionally published in a manner equaling malice and abuse of any

2  alleged conditional privilege (which Plaintiff denies existed), since the publications, and each of them,

3  were made with animus, hatred, ill will and an intent to vex, harass, annoy and injure Plaintiff in order

4  to justify the unlawful and cruel actions of Defendants, and each of them, to cause further damage to

5  Plaintiff's professional and personal reputation, to cause her to be terminated by Defendant and to

6  retaliate against Plaintiff for exercising her statutory rights.

7        77.    Each of these publications by Defendants, and each of them, were made with

8  knowledge that no investigation supported the unsubstantiated and obviously false statements.  The

9  Defendants, published these statements knowing them to be false, unsubstantiated by any reasonable

10  investigation, and the product of hostile witnesses.  These acts of publication were known by

11  Defendants, and each of them, to be negligent to such a degree as to be reckless.  In fact, not only did

12  Defendants, and each of them, have no reasonable basis to believe these statements, but they also had

13  no belief in the truth of these statements, and in fact knew the statements to be false.  Defendants, and

14  each of them, excessively, negligently and recklessly published these statements to individuals with

15  no need to know, and who made no inquiry, and who had a mere general or idle curiosity of the

16  information.

17        78.    The Defendants, and each of them, committed the acts alleged herein maliciously,

18  fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and

19  evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Plaintiff, thus, is

20  entitled to recover punitive damages from Defendants, in an amount to be proven at trial.

21  <center>**REQUEST FOR JURY TRIAL**</center>

22        Plaintiff, Florinda Salazar, hereby requests a trial by jury.

23        **WHEREFORE**, Plaintiff prays as follows:

24        1.    For general damages in excess of the jurisdictional minimum of this Court, according

25  to proof;

26        2.    For interest on the amount of losses incurred in earnings, deferred compensation and

27  other employee benefits at the prevailing rate;

28        3.    For special damages according to proof;

---

**PLAINTIFF'S COMPLAINT**

1    4.    For punitive damages according to proof;

2    5.    Injunctive relief;

3    6.    For cost of suit, including reasonable attorneys' fees; and

4    7.    For such other and further relief as the Court may deem just and proper.

5   Dated:  May 31, 2012                    LAW OFFICES OF SHELLEY G. BRYANT

6

7   _____

8                                           SHELLEY G. BRYANT, Attorneys for Plaintiff,
                                            JOHANNA ALLEN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "A"

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    Phyllis W. Cheng, Director

1277 ALLUVIAL AVENUE, SUITE 100, FRESNO, CA 93720
(559) 244-4760
www.dfeh.ca.gov

February 25, 2012

ALLEN, JOHANN
4209 WEST SWEET COURT
VISALIA, CA 93291

RE:  E201112C5324-00
     <u>ALLEN/VERIZON WIRELESS</u>

Dear  ALLEN, JOHANN:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective February 25, 2012 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Geraldine Reyes
District Administrator


cc:   Case File

MICHELLE IFILL
SR. VP AND GENERAL COUNSEL
VERIZON WIRELESS
15505 SAND CANYON AVENUE
IRVINE, CA 92618

EXHIBIT "B"

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  Johanna Allen<br>4209 West Sweet Court<br>Visalia, CA 93291 | From:  Fresno Local Office<br>2300 Tulare Street<br>Suite 215<br>Fresno, CA 93721 |

RECEIVED

MAR 0 7 2012

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 485-2012-00213 | Melissa Barrios,<br>Local Office Director | (559) 487-5797 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| | |
|---|---|
| [ ] | More than 180 days have passed since the filing of this charge. |
| [X] | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| [X] | The EEOC is terminating its processing of this charge. |
| [ ] | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| | |
|---|---|
| [ ] | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost. |
| [ ] | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Melissa Barrios,
Director

3/6/12

Enclosures(s)

*(Date Mailed)*

CC:  **Michi Haire**
**Assoc Director HR Compliance**
**VERIZON WIRELESS**
**1 Verizon Way**
**Basking Ridge, NJ 07920**

EXHIBIT "C"

LAW OFFICES OF

# SHELLEY G. BRYANT

**SHELLEY G. BRYANT**
sbryant@sgbryantlawoffices.com

8050 North Palm Avenue, Suite 300
Fresno, California  93711
(559) 389-5856
Facsimile (559) 421-0369

**AMANDA B. WHITTEN**
awhitten@sgbryantlawoffices.com

February 27, 2012

**Sent Via U. S. Mail -**
 **Return Receipt Requested**

LABOR AND WORKFORCE
 DEVELOPMENT AGENCY
801 "K" Street, Suite 2101
Sacramento, California 95814

   Re:   **Johanna Allen v. Verizon Wireless**

Dear Sir/Madam:

   This letter shall serve as notice to your agency of Labor Code violations, which is a prerequisite to commencing a private civil action.

   Johanna Allen worked for Verizon Wireless between August 2010 and November 2011 as a retail sales representative, and earned 13.75 per hour, plus commissions.  Her performance was satisfactory or better.

   During Ms. Allen's employment, Verizon disciplined and discharged her for using sick leave to care for the illness of her child, all in violation of the Labor Code.  Verizon further violated the Code by counting, as part of its "no fault" absence control policy, sick leave taken by Plaintiff to care for the illness of her child as an incident that subjected her to being disciplined and discharged.

   This notice is required before Ms. Allen can file a civil case under the Private Attorney General Act of 2004.  She will not be seeking any "penalties" pursuant to the Labor Code, only attorney's fees and costs.  She will also seek punitive damages under the Civil Code as well.

LABOR AND WORKFORCE
 DEVELOPMENT AGENCY
September 21, 2011
Page 2

       Should you have any questions, please do not hesitate to contact us.

                Sincerely,

                LAW OFFICES OF SHELLEY G. BRYANT

                SHELLEY G. BRYANT

ABN/cjc
cc:     Agent for Service of Process - Verizon Wireless
          **Sent Via U. S. Mail - Return Receipt Requested**

VED
APR 0 9 2012



**STATE OF CALIFORNIA**
# Labor & Workforce Development Agency

GOVERNOR Edmund G. Brown Jr. • SECRETARY Marty Morgenstern

Agricultural Labor Relations Board • California Unemployment Insurance Appeals Board
California Workforce Investment Board • Department of Industrial Relations
Economic Strategy Panel • Employment Development Department • Employment Training Panel

April 04, 2012                                          **CERTIFIED MAIL**

Law Offices of Shelley G. Bryant
8050 North Palm Avenue, Suite 300
Fresno, CA  93711

RE: Employer:    Verizon Wireless
RE: Employee(s): Johanna Allen
RE: LWDA  No:    10022

This is to inform you that the Labor and Workforce Development Agency
(LWDA) received your notice of alleged Labor Code violations pursuant to
Labor Code Section 2699, postmarked February 27, 2012, and after review,
does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides
that "…civil penalties recovered by aggrieved employees shall be distributed
as follows: 75 percent to the LWDA for enforcement of labor laws and
education of employers and employees about their rights and responsibilities
under this code."  Labor Code Section 2699(l) specifies "[T]he superior court
shall review and approve any penalties sought as part of a proposed
settlement agreement pursuant to this part."

Consequently, you must advise us of the results of the litigation, and forward
a copy of the court judgment or the court-approved settlement agreement.
Please be certain to reference the above LWDA assigned Case Number in
any future correspondence.

Sincerely,

Doug Hoffner
Undersecretary

Cc:   Verizon Wireless
      9000 Hellman Avenue
      Rancho Cucamonga, CA 91730

LAW OFFICES OF

# SHELLEY G. BRYANT

**SHELLEY G. BRYANT**
sbryant@sgbryantlawoffices.com

8050 North Palm Avenue, Suite 300
Fresno, California  93711
(559) 389-5856
Facsimile (559) 421-0369

**AMANDA B. WHITTEN**
awhitten@sgbryantlawoffices.com

March 29, 2012

**Sent Via U. S. Mail -**
 **Return Receipt Requested**

LABOR AND WORKFORCE
 DEVELOPMENT AGENCY
801 "K" Street, Suite 2101
Sacramento, California 95814

Re:    <u>Johanna Allen v. Verizon Wireless</u>

Dear Sir/Madam:

This letter shall serve as notice to your agency of Labor Code violations, which is a prerequisite to commencing a private civil action.

Johanna Allen worked for Verizon Wireless between August 2010 and November 2011 as a retail sales representative, and earned 13.75 per hour, plus commissions.  Her performance was satisfactory or better.

During Ms. Allen's employment, she complained to mangers at Verizon about unpaid wages.  She reported managers for altering her time cards to delete time that she actually worked and that she was not being paid all wages due as a result of this unlawful conduct.  As a result, her wage statements were inaccurate and she suffered harm as result.  She was not paid all wages due upon termination.  After the complaining about unpaid wages, Ms. Allen was subjected to adverse treatment and action.  Her complaining about wages was a motivating reason for the adverse action and treatment.

This notice is required before Ms. Allen can file a civil case under the Private Attorney General Act of 2004.  She will not be seeking any "penalties" pursuant to the Labor Code, only attorney's fees and costs.  She will also seek punitive damages under the Civil Code as well.

LABOR AND WORKFORCE
 DEVELOPMENT AGENCY
September 21, 2011
Page 2

Should you have any questions, please do not hesitate to contact us.

Sincerely,

LAW OFFICES OF SHELLEY G. BRYANT

SHELLEY G. BRYANT

ABN/cjc
cc:     Agent for Service of Process - Verizon Wireless
        **Sent Via U. S. Mail - Return Receipt Requested**

RECEIVED

MAY 2 4 2012



**STATE OF CALIFORNIA**
## Labor & Workforce Development Agency

GOVERNOR Edmund G. Brown Jr. • SECRETARY Marty Morgenstern

Agricultural Labor Relations Board • California Unemployment Insurance Appeals Board
California Workforce Investment Board • Department of Industrial Relations
Economic Strategy Panel • Employment Development Department • Employment Training Panel

May 15, 2012                                                        **CERTIFIED MAIL**

Law Offices of Shelley G. Bryant
8050 North Palm Avenue, Suite 300
Fresno, CA 93711

RE: Employer:      Verizon Wireless
RE: Employee(s):  Johanna Allen
RE: LWDA  No:    10022.1

This is to inform you that the Labor and Workforce Development Agency
(LWDA) received your notice of alleged Labor Code violations pursuant to
Labor Code Section 2699, postmarked March 30, 2012, and after review,
does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides
that "...civil penalties recovered by aggrieved employees shall be distributed
as follows: 75 percent to the LWDA for enforcement of labor laws and
education of employers and employees about their rights and responsibilities
under this code." Labor Code Section 2699(l) specifies "[T]he superior court
shall review and approve any penalties sought as part of a proposed
settlement agreement pursuant to this part."

Consequently, you must advise us of the results of the litigation, and forward
a copy of the court judgment or the court-approved settlement agreement.
Please be certain to reference the above LWDA assigned Case Number in
any future correspondence.

Sincerely,

*Doug Hoffner*

Doug Hoffner
Undersecretary

Cc:    Verizon Wireless
       9000 Hellman Avenue
       Rancho Cucamonga, CA 91730